## D. M. ERWIN v. STATE.

No. A-3419.   Opinion Filed July 30, 1921.
(200 Pac. 250.)

Appeal from County Court, Harmon County; E. C. Abernethy, Judge.

D. M. Erwin was convicted of the offense of unlawfully operating a retail drug store, and appeals. Reversed.

S. A. Fowler and W. J. Counts, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. D. M. Erwin was convicted at the April term, 1918, in the county court of Harmon county of the offense of unlawfully operating a retail drug store, and punishment assessed at a fine of $100.

From this judgment he has appealed to this court, and assigns numerous alleged errors as grounds for reversal, but in view of the disposition made of this appeal it will not be necessary to consider each of said assignments.

The Attorney General has filed a confession of error, which is as follows:

"Plaintiff in error was charged by information and convicted of the crime of unlawfully operating a retail drug store. It was charged in the information in substance that he owned and operated a retail drug store in the town of Gould in this state; that he was not a licensed pharmacist, and did not employ a licensed pharmacist in his store, and that he filled and unlawfully allowed others to fill prescriptions in his said store.

"The evidence discloses that plaintiff in error was operating a drug store in the town of Gould; which town had a population of less than three hundred people; that there were two drug stores in the town at that time, one operated by a Mr. Bryant, and the other by plaintiff in error, but Mr. Bryant always kept a registered pharmacist; that plaintiff in error sometimes had a registered pharmacist and sometimes did not; that he frequently permitted doctors to come into his store and fill their own prescriptions.

"There is no direct evidence upon the question, but we think the evidence as a whole possibly justifies the conclusion that plaintiff in error was not a licensed pharmacist. We are unable to find, however, in the record any evidence whatever which shows that he himself ever filled any prescription for drugs or medicine or that he permitted any one else to do so other than a registered pharmacist, or some doctor filled his own prescription.

"The specific charge in the information was that on June 15, 1917, the plaintiff in error filled the prescription for one Eugene Hager. This witness testified that he was sick in August, 1917; that he procured a prescription from Dr. Scarobrough; that he took this prescription to plaintiff in error to have it refilled, and plaintiff in error told him that he could not refill it, but that he left the prescription there and afterwards came back and the prescription was filled, but he did not know who filled it, and there is no direct evidence as to when it was filled. That is, whether it was filled at the time when plaintiff in error had or did not have a registered pharmacist in his employ.

"We feel that the evidence was wholly insufficient to warrant and uphold the verdict of the jury, and we ask that the judgment of the court be reversed."

The court has carefully examined the evidence in support of the charge that defendant operated a retail drug store without employing a licensed pharmacist, and we reach the conclusion that the confession of error of the Attorney General should be sustained and the judgment reversed.

There is evidence in the record that defendant operated a drug store, but there is no competent and legal evidence to the effect that while he so operated said drug store, in a town of less than three hundred inhabitants according to the evidence in the case, he either filled and compounded prescriptions of physicians or permitted anybody else to do so in said drug store who was not at the time a registered pharmacist. As we construe the statutes, defendant would have been permitted to sell, in that kind of a town without employing a registered pharmacist, certain proprietary and patent medicines, and he would also not be subject to criminal prosecution for permitting any physician in regular practice to supply his patients with medicines from his stock of drugs.

The evidence in this case merely amounts to a suspicion of guilt. There is no competent evidence that defendant compounded and filled any prescriptions from a licensed physician either by himself, or permitted any other person to do so who was not a registered pharmacist, although there is proof in the record that defendant did conduct a retail drug store, but under the provisions of sections 6831 and 6840, Revised Laws 1910, it is evident that in towns of this population before defendant could be found guilty, there must be proof that in the operation of said drug store he, not being a registered pharmacist or assistant pharmacist, either himself filled and compounded prescriptions or else permitted some other person who was not so qualified to do so.

There being an entire absence of proof of the essential elements of the offense, it is the opinion of this court that the confession of error of the Attorney General should be sustained and the judgment reversed, and it is so ordered.